USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 94-1967 UNITED STATES OF AMERICA, Appellee, v. JOSE R. LOPEZ-PINEDA, Defendant, Appellant.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________  ____________________ Torruella, Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________  ____________________ Rafael D. Castro Lang for appellant. _____________________ Antonio R. Baz n, Assistant United States Attorney, with whom _________________ Guillermo Gil, United States Attorney, and Jos A. Quiles-Espinosa, _____________ ________________________ Senior Litigation Counsel, were on brief for appellee.  ____________________ June 6, 1995  ____________________ CYR, Circuit Judge. After Jose R. Lopez Pineda ("Lop- CYR, Circuit Judge. _____________ ez") was convicted and sentenced on one count of possessing cocaine with intent to distribute, see 21 U.S.C. 841(a)(1), he ___ initiated the instant appeal seeking to set aside his guilty plea based on defects in the change-of-plea colloquy conducted by the district court. We affirm the judgment of conviction and sen- tence. I I BACKGROUND BACKGROUND __________ On February 25, 1994, Lopez, a crew member aboard the M/V Meridian, attempted to import into Puerto Rico approximately one kilogram of cocaine, and a quantity of Rohypnol, a drug not approved by the Food and Drug Administration ("FDA"). Following his arrest and indictment on three federal charges, see 21 U.S.C. ___ 321(p) (introduction of non-FDA approved drug into the United States); 841(a)(1),(b)(1)(B) (possession of one kilogram of cocaine, with intent to distribute); 952(a) (importation of cocaine into the United States), Lopez entered into a plea agreement whereby he would plead guilty to the section 841 violation and the government would dismiss the two remaining charges. The plea agreement explicitly stated that the cocaine charge under section 841 carried "a minimum statutory term of five (5) years of imprisonment . . . with a term of supervised ________ release of at least four (4) years" (emphasis in original). ________ Prior to the Rule 11 change-of-plea hearing before the district court, Lopez also completed in his own hand and on 2 the advice of counsel an extensive Spanish-language question- naire which inquired, inter alia, whether he knew and understood _____ ____ the mandatory minimum term of imprisonment and the nature and effect of the term of supervised release to which his guilty plea would expose him. Lopez responded by correctly indicating that the mandatory minimum term of imprisonment on the cocaine charge was five years and, further, that he understood the nature and effect of supervised release.  During the Rule 11 hearing, the district court ad- dressed Lopez in open court and inquired, among other things, into whether he understood that he was waiving his constitutional right to trial by jury, with all its appurtenant rights and privileges; whether he had been coerced into accepting the plea agreement; whether he understood that the plea agreement, if approved, would not be binding upon the court and that he would not be allowed to withdraw his guilty plea in light of the sentence imposed; his knowledge of the maximum sentence permitted _______ under section 841(b)(1)(B); his competency to plead; the factual grounds for his guilty plea; and his general understanding of the effects of the sentencing guidelines.  Lopez further confirmed that the plea agreement had been explained to him by court-appointed counsel before Lopez signed it and that Lopez had completed the elaborate district court questionnaire, with the assistance of counsel, shortly before appearing in court for the Rule 11 hearing. The district court neglected, nonetheless, to inquire explicitly whether Lopez 3 understood that he faced a mandatory minimum five-year prison _________ _______ sentence and a mandatory minimum four-year term of supervised _________ _______ release, as fully explained in the plea agreement and less comprehensively related in the district court questionnaire.  II II DISCUSSION  DISCUSSION __________ Lopez correctly contends that Federal Rule of Criminal Procedure 11 mandates that the district court inquire direct- ________ ly, personally and in open court whether the defendant knows and understands any mandatory minimum prison sentence and term of supervised release attendant upon a conviction based on a plea. See Fed. R. Crim. P. 11(c) ("Before accepting a plea of guilty . ___ . . the court must address the defendant personally in open court ____ and inform the defendant of, and determine that the defendant understands . . . the mandatory minimum penalty provided by law . . . including the effect of any special parole or supervised release term.") (emphasis added). Nevertheless, Lopez has not demonstrated that the clear failure of the district court to comply with Rule 11 warrants vacation of the guilty plea in the circumstances presented. Rule 11 was designed to ensure that defendants who enter guilty pleas do so with full "'understanding of the nature of the charge and the consequences of [their] plea.'" United ______ States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting ______ ____________ McCarthy v. United States, 394 U.S. 459, 467 (1969)), petition ________ _____________ ________ for cert. filed, (U.S. May 1, 1995) (No. 94-9076-CFY). Compli- ___ _____ _____ 4 ance with Rule 11 enables the district court to arrive at its "own determination of a guilty plea's voluntariness . . . [and] also facilitates that determination in any subsequent post- conviction proceeding based upon a claim that the plea was involuntary." United States v. Medina-Silverio, 30 F.3d 1, 3 _____________ _______________ (1st Cir. 1994) (quoting McCarthy, 394 U.S. at 467).  ________ A total failure to conduct the required colloquy in open court may invalidate the plea, even though the defendant acknowledges in open court that he was provided beforehand  through written documents and the assistance of counsel with all pertinent information contemplated by Rule 11. Id. at 3-4 ___ (absent requisite oral inquiry by district court, responses to written questionnaire containing relevant Rule 11 inquiries are insufficient). "Where a district court neither conducts a direct personal interrogation, nor advises the defendant of his rights, all substantially as required under Rule 11, there can be no _____________ sufficient basis for finding that the guilty plea was voluntary, intelligent or otherwise valid." Id. (emphasis added).  ___ On the other hand, where the district court conducts an otherwise adequate Rule 11 colloquy but inadvertently omits material subject matter contemplated by Rule 11, we may review the record, including the change-of-plea and sentencing tran- scripts, with a view to whether the omission was harmless. See ___ Cotal-Crespo, 47 F.3d at 5-7 (holding "harmless" a district ____________ court's failure to inform defendant of right to remain silent and confront witnesses, and of potential exposure to perjury prosecu- 5 tion for giving false testimony); see also Fed. R. Crim. P. 11(h) ___ ____ ("Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."). As the omissions Lopez points to in the present case clearly do not approximate a total lack of compliance with Rule 11, cf. Medina- __ _______ Silverio, 30 F.3d at 3-4, we consider whether the failure person- ________ ally to inform the defendant of the mandatory minimum prison sentence and term of supervised release disabled the district court from determining that the core Rule 11 requirements essen- tial to a valid guilty plea were met: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequenc- es of the guilty plea. See Cotal-Crespo, 47 F.3d at 4. We ___ ____________ discern no disabling infirmity in the core Rule 11 findings made by the district court.1  Lopez neither claims that his guilty plea was coerced, nor that he lacked understanding of the charges. Instead, he alleges that he did not understand the sentencing consequences of his guilty plea, because counsel below informed him that he would be sentenced under the guidelines rather than in accordance with  ____________________ 1Lopez urges us to enlarge upon the required Rule 11 collo- quy by directing district courts to inform defendants that a mandatory minimum sentence prescribed by statute overrides a lesser guideline sentencing range. We decline, for two reasons. First, a recent guideline amendment precludes any such blanket directive. See note 3 infra. Second, the presentence report, ___ _____ which contains the proposed guideline sentencing calculation, is not necessarily disclosed to the district court until after the guilty plea has been approved. See Fed. R. Crim. P. 32(b)(3) ___ ("The report must not be submitted to the court or its contents disclosed to anyone unless the defendant has consented in writ- ing, has pleaded guilty or nolo contendere, or has been found guilty."). 6 the mandatory minimum sentence prescribed by statute, contrary to the explicit terms of the plea agreement signed by Lopez and the handwritten responses he gave to the district court question- naire.2 The instant Rule 11 claim may be assessed against essentially the same standards governing change-of-plea requests, see Cotal-Crespo, 47 F.3d at 8, by evaluating  ___ ____________ (1) the plausibility of the reasons prompting the requested change of plea; (2) the timing of the defendant's motion; (3) the existence or nonexistence of an assertion of innocence; and (4) whether, when viewed in light of emergent circumstances, the defendant's plea appropriately may be characterized as invol- untary, in derogation of the requirements im- posed by Fed. R. Crim. P. 11, or otherwise legally suspect. United States v. Raineri, 42 F.3d 36, 41 (1st Cir. 1994), peti- _____________ _______ _____ tion for cert. filed, (U.S. May 3, 1995) (No. 94-9121-CFY).  ____ ___ _____ _____ First, the purported reasons for requesting vacation of the plea are suspect. We are not persuaded by the bare allega- tion that former counsel after advising Lopez to enter into the plea agreement and assisting him in completing the detailed district court questionnaire directly informed him, contrary to both those documents, that something less than the minimum _______ prison sentence mandated by statute would be imposed. Nor did Lopez take issue with the clear statement in the presentence report that the district court must impose a sentence not less than the mandatory minimum prescribed in 21 U.S.C. 841(b)(1-  ____________________ 2Lopez is represented by different counsel on appeal. 7 )(B). Indeed, at sentencing, Lopez's counsel urged the district court "in [its] mercy to give [Lopez] the minimum mandatory of 60 months." Cf. United States v. Japa, 994 F.2d 899, 903-94 (1st __ ______________ ____ Cir. 1993) (district court's failure to inquire into requisite criminal intent, combined with prosecutor's failure to describe evidence of intent in relating factual basis for guilty plea, rendered harmless by absence of objection to presentence report on grounds of lack of intent).  Second, the belated attempt to set the plea aside on appeal, rather than before sentencing, substantially heightens Lopez's burden. See Fed R. Crim. P. 32(e) (Once sentence has ___ been imposed, "a plea may be set aside only on direct appeal or by motion under 28 U.S.C. 2255."). In order to prevail on a post-sentencing Rule 11 challenge, the defendant must come forward with sufficient evidence to demonstrate "a fundamental defect which inherently results in a complete miscarriage of justice," Hill v. United States, 368 U.S. 424, 428 (1962), or "an ____ _____________ omission inconsistent with the rudimentary demands of fair proce- dure." Japa, 994 F.2d at 902 (quoting Fed. R. Crim. P. 32(c) ____ advisory committee's notes (1983)).  Third, Lopez does not assert legal innocence. Rather, he explicitly urges vacation of the challenged sentence in order to enable him to plead guilty anew, which might permit him to be sentenced under the more generous regimen prescribed in new 8 U.S.S.G. 5C1.2.3  Finally, the belated manner in which the Rule 11 challenge has been presented denied the government any opportuni- ty to develop the district court record with a view to whether or not Lopez was misinformed by counsel below regarding the sentenc- ing consequences of his guilty plea, as Lopez alleges in direct __ _____ _______ __ ______ contravention of the plea agreement he signed, and the district _____________ __ ___ ____ _________ __ ______ ___ ___ ________ court questionnaire he completed, with the advice and assistance _____ _____________ __ _________ ____ ___ ______ ___ __________ of the same attorney. Cf. Raineri, 42 F.3d at 42 (although __ ___ ____ ________ ___ _______ district court misinformed defendant as to maximum penalty, ________ _____ _______ defendant failed to indicate that he had ever been informed he would receive a lower sentence than that actually imposed).  The absence of a sufficiently developed factual record relating to whether former counsel misled Lopez concerning the sentencing consequences of his guilty plea precludes reliable review on direct appeal. Consequently, the attempt to insinuate an ineffective assistance claim on direct appeal must be reject- ed, see United States v. Tuesta-Toro, 29 F.3d 771, 776 (1st Cir. ___ _____________ ___________ 1994) (holding that undeveloped, fact-bound ineffective assis- tance claim must be asserted on collateral review), cert. denied, _____ ______ 115 S. Ct. 947 (1995), without prejudice to its presentment on  ____________________ 3Lopez was sentenced before the promulgation of U.S.S.G.  5C1.2, which provides that sentences for qualifying first-time drug offenders are to be determined under the sentencing guide- lines even though the guideline sentence is lower than the mandatory minimum sentence prescribed by statute. See U.S.S.G.  ___ 5C1.2. U.S.S.G. 5C1.2 is not retroactive, however, since the amendment promulgating it is not listed in U.S.S.G. 1B1.10. See DeSouza v. United States, 995 F.2d 323, 324 (1st Cir. 1993) ___ _______ ______________ (amendmentsnot listed in 1B1.10 not given retroactive effect).  9 collateral review under 28 U.S.C. 2255. Id. ___ 10 For the foregoing reasons, the judgment of conviction and sentence is affirmed.  Affirmed.  Affirmed ________ 11