USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1755 UNITED STATES, Appellee, v. JAMES OTIS RAINES, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Gordon R. Blakeney, Jr. on brief for appellant. _______________________ Jay P. McCloskey, United States Attorney, James L. McCarthy and ________________ __________________ Margaret D. McGaughey, Assistant United States Attorneys, on brief for _____________________ appellee. ____________________ March 25, 1997 ____________________ Per Curiam. Upon careful review of the briefs and ___________ record, we conclude that defendant's plea should not be vacated. The district court told defendant that he was "subject to a term of imprisonment which is a minimum of 15 years." Even though the district court did not state that the minimum sentence was "mandatory," that slip does not entitle defendant to relief in the circumstances of this case. Defendant offers no plausible reason for his belated attempt to change his plea; he makes no claim of innocence; and there is nothing legally suspect about the plea. The proceedings as a whole suggest that defendant reasonably should have understood, and did understand, the sentencing implications of his plea. See United States v. Lopez-Pineda, ___ _____________ ____________ 55 F.3d 693, 696 (1st Cir. 1995).  We also find no merit in defendant's contention regarding an enhancement for obstruction of justice. That enhancement had no bearing on the armed career criminal sentence ultimately imposed here under U.S.S.G.  4B1.4(b)(3). See United States v. Ruiz-Garcia, 886 F.2d 474, ___ _____________ ___________ 476 (1st Cir. 1989). Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ -2-