UNITED STATES of America,
Plaintiff, Appellee,

v.

Rafaél NORIEGA–MILLÁN, a/k/a
Rafi, Defendant, Appellant.

No. 96–1420.

United States Court of Appeals,
First Circuit.

Heard Dec. 6, 1996.

Decided April 7, 1997.

Juan David Vilaró–Colón, Ponce, PR, on brief, for defendant, appellant.

Jeannette Mercado–Ríos, Attorney, Hato Rey, PR, with whom Guillermo Gil, United States Attorney, José A. Quiles–Espinosa, Senior Litigation Counsel, and Antonio R. Bazán, Assistant United States Attorney, were on brief for plaintiff, appellee.

Before BOUDIN, Circuit Judge, CAMPBELL and BOWNES, Senior Circuit Judges.

BOWNES, Senior Circuit Judge.

Defendant-appellant Rafael Noriega–Millan petitioned the district court to change his plea from not guilty to guilty as to all eleven counts of a superseding indictment charging him with violating a number of federal firearms laws. Count nine, charging Noriega–Millan with possession of a machine gun in violation of 18 U.S.C. § 922(*o*), carried a ten-year maximum term of imprisonment. For each of the remaining counts, the maximum term of imprisonment was five years. The district court accepted Noriega–Millan's plea at a joint change-of-plea hearing at which Noriega–Millan and two of his co-defendants, each represented by counsel, pleaded guilty.

Noriega–Millan entered his guilty plea pursuant to an agreement which stipulated that the government would, among other things, reduce the total offense level from 31 to 28, and recommend a sentence of 97 months of imprisonment, a sentence in the middle of the applicable range of 87–108 months of imprisonment. At the sentencing hearing, the district court declined to accept the government's recommendation of a 97-month term and imposed the maximum sentence of 108 months, to be served concurrently as to all counts of the indictment.

On appeal, Noriega–Millan argues that his guilty plea should be set aside because, although the district judge complied with Rule 11(e)(2) of the Federal Rules of Criminal Procedure by warning him that the court was not bound by the government's recommendations, the judge failed, in derogation of Rule 11(e)(2) and Noriega–Millan's substantial rights, to advise him that he would not be permitted to withdraw his plea if the court declined to accept the government's recommendations. We affirm the judgment of conviction and the sentence.

## I.

The only issue on appeal concerns the procedure by which Noriega–Millan's plea of guilty was entered and accepted, as to which the record reveals the following.

Noriega–Millan's plea agreement states that the agreement was made pursuant to Rules 11(e)(1)(A) and (B) of the Federal Rules of Criminal Procedure.[1] The agreement provided that Noriega–Millan would plead guilty to all counts of the indictment in exchange for the government's agreement to do the following: (i) reduce the total offense level by three levels from 31 to 28 for acceptance of responsibility; (ii) recommend a sentence of 97 months of imprisonment, based upon an estimated total offense level of 28 and criminal history category of II, for which

---

1. Plea agreements made under Rules 11(e)(1)(A) and (C) are subject to different procedural requirements than are agreements made under Rule 11(e)(1)(B). The Rule 11(e)(1)(A) portion of Noriega–Millan's agreement is not at issue in this appeal and will not be discussed.

the sentencing range is 87–108 months of imprisonment; and (iii) raise no opposition to a recommendation of a sentence at the lower end of the applicable range, if such a recommendation were to be made by the United States Probation Office in its Presentence Report.

Prior to the change-of-plea hearing, Noriega–Millan reviewed the plea agreement with his attorney, at which time he initialed each page of the document at the center of the left margin, and signed his name in two places at the end of the document.[2] Paragraph six of the agreement states as follows:

> The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge and will be imposed in accordance with the *United States Sentencing Guidelines, Policy Statements, Application, and Background Notes.* The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

Paragraph ten of the agreement states, "Defendant Rafael Noriega–Millan is fully aware that the Court is not bound by this plea agreement, including but not limited to: sentencing guidelines calculations, stipulations, and/or sentence recommendations."

In contrast to plea agreements made pursuant to Rules 11(e)(1)(A) and (C), Rule 11(e)(1)(B) agreements cannot be withdrawn if the court chooses to reject the terms of the agreement; once accepted by the district court, a Rule 11(e)(1)(B) agreement "foreclose[s] forever the defendant's other options." *United States v. Graibe,* 946 F.2d 1428, 1432 (9th Cir.1991). For this reason, when a defendant pleads guilty pursuant to a Rule 11(e)(1)(B) agreement, the district judge is required by Rule 11(e)(2) to advise the defendant that the court is not obligated to accept the government's recommendations and that the defendant will not be permitted to withdraw her guilty plea in the event that the court does not follow the government's recommendations.

The Supreme Court has stressed the importance in Rule 11 proceedings of direct interrogation of the defendant by the district court in order to facilitate the determination of the voluntariness of a defendant's guilty plea. *McCarthy v. United States,* 394 U.S. 459, 467, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969). In addition, this court has repeatedly stated that the defendant's acknowledgement of a signed plea agreement or other written document will not substitute for Rule 11's requirement of personal examination by the district court. *See United States v. Martinez–Martinez,* 69 F.3d 1215, 1220 (1st Cir. 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1343, 134 L.Ed.2d 492 (1996); *United States v. Lopez–Pineda,* 55 F.3d 693, 696 (1st Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 259, 133 L.Ed.2d 183 (1995); *see also United States v. Kennell,* 15 F.3d 134, 136, 137 (9th Cir.1994).

A joint change-of-plea hearing was held on July 31, 1995, with Noriega–Millan and two co-defendants present, each represented by counsel. Although the judge sometimes addressed himself to all three defendants collectively, he engaged in individual colloquies with Noriega–Millan and each co-defendant regarding the following: his competence to plead guilty; the voluntariness of his plea; his knowledge and understanding of the charges against him and the penalties attending the charges; and whether he had consulted his attorney regarding the charges and the plea agreement. The judge addressed the defendants collectively regarding their awareness and understanding of the constitutional rights they waived by entering a plea of guilty. Throughout the hearing, the court addressed the defendants through an interpreter, although Noriega–Millan sometimes answered the court's questions in English.

2. The plea agreement contained in the record on appeal is in English; the transcript of the change-of-plea hearing, however, indicates that Noriega–Millan had read and understood a Spanish version of the agreement.

In response to the court's questioning during his individual colloquy, Noriega–Millan acknowledged, *inter alia*, that he had reviewed the plea agreement with the assistance of counsel prior to the hearing, and that his attorney had explained the agreement to him before he signed it; that he had read the plea agreement and understood everything in it; that he was aware that his criminal history category was II and that the total offense level was 28, based upon the government's recommendation of a three-level reduction from offense level 31 for acceptance of responsibility; that he understood that the sentencing range specified in the plea agreement was 87–108 months of imprisonment; that, pursuant to the plea agreement, the government would recommend a sentence of 97 months of imprisonment; and that he understood that the government's recommendations were not binding upon the court.

The district judge gave the Rule 11(e)(2) warnings to each defendant separately, rather than to all the defendants collectively. During his individual colloquies with Noriega–Millan's co-defendants, the district judge warned each defendant both that the court was not obligated to accept the government's recommendations and that the defendant would not be permitted to withdraw his plea if the court did not follow the government's recommendations. During his individual colloquy with Noriega–Millan, however, the district judge advised him only that the court was not bound to follow the government's recommendations; he did not warn Noriega–Millan that he would not be permitted to withdraw his plea in the event that the government's recommendations were not followed.

On November 2, 1995, a sentencing hearing was held at which Noriega–Millan appeared as the sole defendant, again represented by counsel. At the sentencing hearing, as at the change-of-plea hearing, the district judge warned that the government's recommendations were not binding upon the court but did not advise Noriega–Millan that he would not be allowed to withdraw his plea if the court were to reject the government's recommendations.

After permitting Noriega–Millan to address the court regarding his family ties and his desire to rehabilitate himself, the district court accepted the government's recommendation regarding concurrent service of sentence but rejected its recommendation of a 97–month term of imprisonment, instead sentencing Noriega–Millan to the maximum term of 108 months, to be served concurrently with the sentences imposed on other counts. Noriega–Millan raised no objection to the sentence and made no attempt to withdraw his plea in the district court. This appeal followed.

## II.

Federal Rule of Criminal Procedure 11(e)(1)(B), which governs Noriega–Millan's plea agreement, provides a procedure by which a defendant may agree to plead guilty in exchange for the government's agreement to "make a recommendation, or agree[ment] not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court." Rule 11(e)(2) provides that, before the district court may accept a guilty plea entered pursuant to a Rule 11(e)(1)(B) agreement, "the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw the plea."

Noriega–Millan asserts that he did not move to withdraw his plea prior to sentencing because he had hoped that the district court would follow the government's recommendation of a 97–month sentence, and that he would not have pleaded guilty had he known that he would not be allowed to withdraw his plea if the district court did not follow the government's recommendation. He contends that the district court's failure to give this required warning was not harmless error because, as a result of the court's error, he did not understand the consequences of his guilty plea and, therefore, his plea was not knowingly and voluntarily entered. Noriega–Millan raises these arguments for the first time on appeal.

■ Ordinarily, we deem an issue not raised before the district court to be waived. We will, however, determine compliance with Rule 11, even if a claim of non-compliance was not presented in the district court, if the record is sufficiently developed, which is generally the case because of Rule 11(g)'s requirement that the district court make a complete record of the plea proceedings. *See Martinez–Martinez*, 69 F.3d at 1219 & n. 4; *United States v. Parra–Ibanez*, 936 F.2d 588, 593 (1st Cir.1991).[3]

■ Where, as here, the defendant seeks to withdraw his plea after he has been sentenced, based upon a defect in the Rule 11 proceedings that is alleged to have affected his knowledge of the consequences of his plea, appellate review is entirely consistent with Federal Rules of Criminal Procedure 11 and 32(e). First, the harm alleged by Noriega–Millan is clearly of the type that Rule 11(e)(2) was designed to alleviate. *See United States v. Theron*, 849 F.2d 477, 479 (10th Cir.1988); *see also United States v. Padin–Torres*, 988 F.2d 280, 283 (1st Cir.1993) (explaining that "Rule 11 objections, so far as they affect the 'knowing' character of the plea, are treated with extra solicitude"); *Graibe*, 946 F.2d at 1432 (explaining that Rule 11(e)(2) was designed to ensure the "informed voluntariness" of guilty pleas). Moreover, Rule 32(e)—which provides that the district court may permit a defendant to withdraw his guilty plea for "any fair and just reason" *before* sentence is imposed, but that a defendant who seeks to set aside his guilty plea "[a]t any later time" may raise the claim "only on direct appeal or by motion under 28 U.S.C. § 2255"—plainly allows a defendant who seeks to set aside his plea after sentence has been imposed to do so on direct appeal. Where a defendant challenges the validity of a plea for the first time on

appeal, however, "he or she faces a high hurdle," and can succeed only by demonstrating that there was "a substantial defect in the Rule 11 proceeding itself." *United States v. Miranda–Santiago*, 96 F.3d 517, 522 & nn. 8, 9 (1st Cir.1996).[4]

■ Because a defendant who enters a guilty plea "simultaneously waives several constitutional rights," *McCarthy*, 394 U.S. at 466, 89 S.Ct. at 1171, due process requires that the defendant's entry of a guilty plea be a voluntary, knowing, and intelligent act, "done with sufficient awareness of the relevant circumstances and likely consequences," *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970) (footnote omitted). Rule 11 gives effect to this principle by requiring district courts to follow certain procedures "designed to ensure that defendants who enter guilty pleas do so with full understanding of the nature of the charge and the consequences of their plea." *Lopez–Pineda*, 55 F.3d at 695 (citations, internal quotation marks, and alteration omitted). Compliance with Rule 11's procedures enables the district court to determine for itself the voluntariness of the plea and "facilitates that determination in any subsequent post-conviction proceeding based upon a claim that the plea was involuntary." *Id.* at 696 (citations omitted). We determine the validity of a plea in view of the totality of the circumstances surrounding the Rule 11 hearing. *Miranda–Santiago*, 96 F.3d at 522–23 & n. 11; *United States v. Cotal–Crespo*, 47 F.3d 1, 4 (1st Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 94, 133 L.Ed.2d 49 (1995); *Padin–Torres*, 988 F.2d at 284.

■ The effect of a failure to comply with Rule 11 depends upon the nature of the failure. This court has held that a guilty

---

3. If the determination of compliance with Rule 11 requires additional fact finding, "a defendant cannot seek relief on direct appeal, but must collaterally attack the Rule 11 proceedings under 28 U.S.C. § 2255." *Martinez–Martinez*, 69 F.3d at 1219 (citing *Parra–Ibanez*, 936 F.2d at 593; Fed.R.Crim.P. 32(e)).

4. Although Rule 11(h) provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded," the harmless error rule does not

necessarily mandate the standard of review in this case. As we have previously acknowledged, the law in this circuit regarding the burden of an appellant who seeks to set aside a guilty plea on direct appeal, without first having brought a motion to withdraw the plea in the district court, is "somewhat cloudy." *See Miranda–Santiago*, 96 F.3d at 522 n. 9 (citing *Martinez–Martinez*, 69 F.3d at 1219–20). We need not resolve the issue in this case.

plea should be set aside only for violations that implicate the "core concerns" of Rule 11 and not for mere technical violations of the rule's procedural requirements. *See, e.g., Cotal–Crespo,* 47 F.3d at 4; *United States v. Allard,* 926 F.2d 1237, 1244 (1st Cir.1991). This is "especially true if the defendant was not misled or the omission did not affect his decision." *Allard,* 926 F.2d at 1244. Rule 11's core concerns are absence of coercion, understanding of the charges, and knowledge of the consequences of the guilty plea. *See Cotal–Crespo,* 47 F.3d at 4 (citing *Allard,* 926 F.2d at 1244–45). In determining whether the core concerns of Rule 11 have been satisfied, the court "should not exalt form over substance but should look to the reality of the situation as opposed to the ritual." *Allard,* 926 F.2d at 1245.

█ In claiming that, as a result of the district judge's failure to give the second of the two Rule 11(e)(2) warnings, he did not understand the consequences of his guilty plea, Noriega–Millan raises a core concern of Rule 11. Nonetheless, we cannot set aside a plea where the appellant "has suffered no concrete prejudice other than entering a plea he now regrets." *United States v. Zorrilla,* 982 F.2d 28, 31 (1st Cir.1992). We find that, in view of the totality of the circumstances, the district court's failure to advise Noriega–Millan that he would not be permitted to withdraw his plea did not amount to a substantial defect in the plea proceedings and did not, as Noriega–Millan claims, adversely affect his substantial rights.

"The heart of the matter is whether the defendant would have entered the guilty plea had he known that there was a probability of receiving a substantially greater sentence than that recommended in the plea agreement." *Kennell,* 15 F.3d at 136. *See Allard,* 926 F.2d at 1244; *United States v. Diaz–Vargas,* 35 F.3d 1221, 1224 (7th Cir.1994); *United States v. Vaughn,* 7 F.3d 1533, 1535 (10th Cir.1993). The record reveals, and Noriega–Millan does not dispute, that the district judge personally warned him that the court was not obligated to follow the government's sentencing recommendations, and personally ensured that Noriega–Millan understood that, although the government had

agreed to recommend a 97–month sentence, the maximum sentence that the court could impose was 108 months. Given these facts and Noriega–Millan's willingness to plead guilty in exchange for a 97–month sentence, it seems to us highly unlikely that, properly warned of his inability to withdraw his guilty plea once it was accepted, Noriega–Millan would have chosen to go to trial rather than risk the possibility that the district court might impose a sentence eleven months longer than the government's recommended sentence. We conclude that the district court's failure to warn Noriega–Millan of his inability to withdraw his plea did not affect his decision to plead guilty.

Our conclusion is supported by *Martinez–Martinez,* in which we found the advisement requirements of Rule 11(e)(2) to be satisfied where the district judge did not explicitly inform the defendant that she could not withdraw her guilty plea, but where the court "personally ensured that [the defendant] understood the non-binding nature of the [government's] recommendation." 69 F.3d at 1223–24. Our view is also supported by similar cases from other circuits, which found the district court's failure to advise the defendant that he would not be permitted to withdraw his plea to be harmless error. *See United States v. McCarthy,* 97 F.3d 1562, 1574–76 (8th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1011, 136 L.Ed.2d 888 (1997); *Diaz–Vargas,* 35 F.3d at 1224–25; *United States v. Thibodeaux,* 811 F.2d 847, 848 (5th Cir.1987); *United States v. de le Puente,* 755 F.2d 313, 314–15 (3d Cir.1985).

Noriega–Millan disagrees with *Martinez–Martinez.* He argues that the proposition that the court is not bound by the government's recommendations is logically distinct from the proposition that the defendant is nonetheless bound if the court declines to accept those recommendations, and that notice of the former proposition does not inform the defendant of the latter proposition; nor does it relieve the court of its responsibility to inform the defendant of the latter proposition. *See, e.g., United States v. Zickert,* 955 F.2d 665, 669 (11th Cir.1992); *Theron,* 849 F.2d at 481; *United States v. Iaquinta,* 719 F.2d 83, 85 (4th Cir.1983). Noriega–

Millan contends, in other words, that the two warnings relate to different issues and that Rule 11(e)(2) requires the district court to give both warnings.

This argument is not without logic or force. Indeed, a number of courts have held that the district court's failure to warn the defendant of his inability to withdraw his guilty plea once it has been accepted constitutes reversible error, and that the district court's warning that it was not bound by the government's recommendation is insufficient to render the error harmless. *See United States v. DeBusk,* 976 F.2d 300, 307 (6th Cir.1992); *Zickert,* 955 F.2d at 668–69; *United States v. Ferrara,* 954 F.2d 103, 107–108 (2d Cir.1992); *Graibe,* 946 F.2d at 1434–35; *Theron,* 849 F.2d at 481; *Iaquinta,* 719 F.2d at 85.

We ourselves read *Martinez–Martinez* as laying down no inflexible rule but as considering the district court's warning as to the non-binding nature of the government's recommendations to be an element in the circumstances that bears on the determination of whether the court's failure to warn the defendant of her inability to withdraw the plea is harmless error. For the reasons we have stated, we find the district court's error to be harmless in this case and therefore we reject Noriega–Millan's argument that his plea should be set aside for the district court's failure to warn him that he would not be permitted to withdraw his plea once it had been accepted. *Martinez–Martinez,* 69 F.3d at 1223–24.

### III.

For the foregoing reasons, the judgment of conviction and sentence are ***affirmed***.