[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1211

 UNITED STATES,

 Appellee,

 v.

 ARNALDO WILSON LOPEZ,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jose Antonio Fuste, U.S. District Judge]

 Before

 Selya, Circuit Judge,
 Bownes, Senior Circuit Judge,
 and Stahl, Circuit Judge.

 Marlene Aponte Cabrera on brief for appellant.
 Guillermo Gil, United States Attorney, Nelson Perez-Sosa,
Assistant United States Attorney, and Michelle Morales, Assistant
United States Attorney, on brief for appellee.

March 4, 1999

 Per Curiam. Defendant-appellant Arnaldo Wilson-Lopez
appeals from the district court's denial of his motion to
withdraw his guilty plea, filed before sentencing, and from the
district court's failure to rule upon his motion for a new
trial pursuant to Fed.R.Crim.P. 33. He also raises an
ineffective assistance of counsel claim. We summarily affirmappellant's conviction and sentence, without prejudice to
Wilson-Lopez raising his ineffective assistance arguments
before the district court on collateral review. Accordingly,
we sever this appeal (No. 98-1211) from the other pending
appeal (No. 98-1212) with which it previously was consolidated.
 I. Motion to Withdraw Guilty Plea
 "Even prior to the imposition of sentence, a
defendant does not have an unqualified right to withdraw a
guilty plea. Rather, a presentence motion to retract a plea can
be granted 'only upon an affirmative showing of a "fair and
just reason."' The burden of proof rests with the defendant. 
In deference to the intimate tri-cornered relationship among
trial judge, prosecutor and criminal defendant, we review a
district court's denial of a request to withdraw a guilty plea
solely for abuse of discretion." United States v. Gonzalez-
Vazquez, 34 F.3d 19, 22 (1st Cir. 1994) (citations omitted).
 We apply the "well-established framework for
evaluating plea withdrawal motions," United States v. Sanchez-
Barreto, 93 F.3d 17, 23 (1st Cir. 1996), cert. denied, U.S.
 , 117 S.Ct. 711 (1997), and conclude that there was no abuse
 -2-
of discretion by the district court. "We have found no abuse
of discretion in disallowing plea withdrawal motions where Rule
11 safeguards were scrupulously followed by the district
court." Id. That was the case here. Specifically, the
transcript of the change of plea hearing belies Wilson-Lopez'
claim that he pled guilty on the mistaken belief that he could
receive a thirty-year sentence for carrying a machine gun if he
did not accept the government's plea offer. There is no
factual support in the record for that claim that the plea was
involuntary and unknowing. The four-month delay in filing the
motion to withdraw the plea and the implausibility of the
proffered reason for the motion also support the district
court's denial. Finally, the district court was well-within
its discretion in rejecting Wilson-Lopez' claim of innocence
with respect to the drug trafficking count. See id. at 24. The
district court did not abuse its discretion in concluding that
Wilson-Lopez failed to present a "fair and just reason" for the
withdrawal of his plea.
 II. Rule 33 Motion for a New Trial
 The district court did not err in failing to grant
this motion as Rule 33 does not apply where there has been no
trial:
 By its express terms, Rule 33 is confined
 to those situations in which a trial has
 been had. In the court below, appellant
 admitted his guilt, abjuring a trial. A
 defendant who enters a guilty plea cannot
 thereafter uses Rule 33 as a wedge to undo
 his acknowledgment that he committed the
 offense.

United States v. Graciani, 61 F.3d 70, 78 (1st Cir. 1995).
 III. Ineffective Assistance of Counsel
 Wilson-Lopez bases his ineffective assistance claim
on his counsel's asserted failure accurately to inform him of
the possible sentence he could receive if he failed to plead
guilty and his claim that his attorney failed to investigate
exculpatory evidence. "The absence of a sufficiently developed
factual record ... precludes reliable review [of most
ineffective assistance of counsel claims] on direct appeal."
United States v. Lopez-Pineda, 55 F.3d 693, 697 (1st Cir.
1995). So it is here. Therefore, the claim is rejected,
without prejudice to Wilson-Lopez raising these ineffective
assistance arguments on collateral review under 28 U.S.C. 
2255.
 The judgment of conviction and sentence is affirmed.
See Loc. R. 27.1.