USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 96-1855 UNITED STATES OF AMERICA, Appellee, v. ELIEZER LARA SOTO, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Steven J. McAuliffe, U.S. District Judge] ___________________ ____________________ Before Stahl, Circuit Judge, _____________ Aldrich and Campbell, Senior Circuit Judges. _____________________ ____________________ Richard N. Foley for appellant. ________________ Jean B. Weld, Assistant United States Attorney, with whom Paul M. ____________ _______ Gagnon, United States Attorney, was on brief for appellee. ______ ______________________ ____________________ February 12, 1997 ____________________ ALDRICH, Senior Circuit Judge. Defendant Eliezer _____________________ Lara Soto (hereinafter defendant), a citizen of the Dominican Republic, unlawfully entered the United States in 1986. He was deported in November 1993. He subsequently obtained a visa and reentered in August 1994 without having obtained the necessary permission of the Attorney General, a violation of 8 U.S.C. 1326.1 After a three day jury trial, defendant was found guilty. I. Prior to trial, defendant moved to quash or dismiss the indictment by attacking the earlier deportation order entered after a hearing in his absence, on the ground of lack  ____________________ 1. Title 8 U.S.C. 1326 provides that an offense against the United States occurs when: (a) [A]ny alien who-- (1) has been arrested and deported or excluded and deported, and thereafter  (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act . . . . -2- of notice. According to the defendant, he failed to receive either of two letters sent by the Immigration and Naturalization Service ordering him to appear first on December 1, 1992 and again on January 5, 1993. The court denied the motion, finding that certified mail notice had been given to defendant's proper address with the return receipt bearing his signature, which the court found genuine. Nor would he have had any defense on the merits. We agree that the deportation order was valid. II. Defendant's only other defense to the present prosecution was his testimony that he entered in good faith, believing that his visa constituted the required permission. The court instructed the jury that it was not, and that good faith was not a defense.  The district court noted that of all the circuits considering this statute, only the Seventh Circuit in United ______ States v. Anton, 683 F.2d 1011, 1014 (7th Cir. 1982) (2-1) ______ _____ required the government to show specific intent. We are more impressed with dissenting Judge Posner's thinking that an alien who has broken our laws once should not be given the benefit of the doubt. See id. at 1019-22 (collecting cases). ___ ___ It is appropriate that the reentry law have teeth. The appeal is without merit. Affirmed. ________ -3-