**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 02-1931

UNITED STATES,

Appellee,

v.

FRANCISCO VASCONCELOS,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, Senior U.S. District Judge]

---

Before

Lynch, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Jeanne M. Kaiser on brief for appellant.
Margaret E. Curran, United States Attorney, Donald C. Lockhart and Terrence P. Donnelly, Assistant United States Attorneys, on brief for appellee.

---

August 20, 2003

---

**STAHL**, **Senior Circuit Judge**.    Defendant-appellant Francisco Vasconcelos seeks to withdraw his guilty plea in a case of illegal reentry, asserting that his waiver of his right to a jury trial was not knowing and voluntary.  We hold that the irregularities in the district court's Rule 11 colloquy, while confusing, did not amount to reversible error.  Accordingly, we affirm the district court's denial of Vasconcelos's motion to withdraw his guilty plea.

## I.  BACKGROUND

Vasconcelos is a native and a citizen of Cape Verde.  In 1971, at age twelve, he entered the United States on a visa.  At the time of his entry, Vasconcelos's mother was a lawful permanent resident and his stepfather was a United States citizen.

Between 1980 and 1988, Vasconcelos was convicted of robbery, possession of a stolen motor vehicle, and possession of cocaine.  Based on these convictions, Vasconcelos was deported on September 14, 1993.  He returned to the United States without permission, however, and in 1994 was convicted of entering a building with the intent to commit a felony.  Thereafter, on October 10, 1994, Vasconcelos was again deported.

Vasconcelos managed to reenter the United States without permission once again.  On November 7, 2000, he was arrested in East Providence, Rhode Island, on charges of drug possession and

obstructing a police officer.  The Immigration and Naturalization Service took him into custody on July 10, 2001.

On August 1, 2001, a federal grand jury in the District of Rhode Island returned a one-count indictment charging Vasconcelos with illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  On January 15, 2002, Vasconcelos signed a plea agreement, in which he agreed to plead guilty to the indictment. The government, in turn, agreed to recommend a reduction for acceptance of responsibility and the lowest possible guideline sentence.  The agreement stated that Vasconcelos had a right "to persist in a plea of not guilty" and "to be tried by a jury" but that "by pleading guilty, he [would give] up <u>his</u> right to a trial." (emphasis in original).

On February 4, 2002, the district court conducted a change of plea hearing pursuant to Fed. R. Crim. P. 11.  At the hearing, the court asked Vasconcelos if any promises or assurances not included in the plea agreement had been made to him. Vasconcelos replied "no," but his attorney interjected:

> I made two promises to him independently that I would get a copy of an attorney's file named Peter Allen back from the early 1990s, which I did do.  Mr. Allen did send me the file, and he had an old [FOIA] request pending up in the Immigration Service about 2 years ago, a copy of his full [FOIA] file, and I've been geared to get him a full copy of his file back from the late 1960s right to the present time, and I will follow through on those promises.

The court responded, "All right."

Later in the colloquy, the judge informed Vasconcelos that if he pled guilty to the crime, he would give up his right to a trial by jury. At this point, Vasconcelos asked to talk with his attorney. Following their consultation, his attorney told the court that despite his research into the facts of Vasconcelos's case,

> we do not have a factual basis for claiming at this point that he's a citizen, and he recognizes and admits as much, that therefore he is guilty of this particular offense and he's asking permission today to allow the Court to accept the plea bargain agreement and to accept the plea of guilty. He has told me, he has just said to me here, that if new facts come up in the future that under some theory which is unknown to us at this point in time, somehow it gets shown to a court that, in fact, he always was a citizen, or something of that sort, that he has legal remedies available to him at that point to try to reopen the case. But I told him that if, in fact, something comes up in the future that's unbeknownst to him, unbeknownst to the documents . . . that if facts arise that could change what he's saying here today, that I would in fact follow up on it.

To this statement, the trial judge replied "all right." The judge then asked Vasconcelos, "so you understand all that?" Next, the judge inquired, "now with all these things in mind that we've been discussing, do you want to plead guilty . . .?" The district court accepted Vasconcelos's guilty plea and scheduled a sentencing hearing. Later, the district court allowed Vasconcelos's motion to continue the sentencing hearing so as to allow Vasconcelos to obtain his INS file.

On July 24, 2002, two days before the rescheduled sentencing hearing, Vasconcelos's attorney filed a motion to withdraw the

-4-

guilty plea. The motion stated that through "additional investigation," Vasconcelos had discovered: (1) his mother was a lawful permanent resident at the time she married a U.S. citizen named Bert Little; (2) this marriage occurred before Vasconcelos immigrated to the United States; (3) after the marriage, Vasconcelos's mother filed a petition with the INS for "lawful permanent resident" status for Vasconcelos; and (4) in 1975, Bert Little applied on Vasconcelos's behalf for replacement of a "lost alien registration receipt card." Attached to the motion were copies of the petition and application.

On July 26, 2002, the trial court held a hearing on the motion to withdraw. At the beginning of the hearing, Vasconcelos's attorney reminded the court that Vasconcelos had said he would be back if he had any proof of citizenship. Vasconcelos's attorney stated:

> There was a dispute between -- a discussion between myself and Mr. Vasconcelos as to the legal import of that which was there attached as Exhibits 1 and 2 [to the motion], but in the end analysis after more than several hours of discussion over the import, I reached the point where I told Mr. Vasconcelos that what he instructed me to do I would do, and I would file the motion. . . .

The government responded that there was agreement that no Rule 11 defect in the plea proceedings had occurred. Neither defense counsel nor the court reacted to this assertion, and there was no further reference to any Rule 11 problem. The government also argued that Vasconcelos's motion to withdraw did not present any

evidence that would establish a defense of citizenship. The district court agreed and denied the motion to withdraw, noting that Vasconcelos had had "ample opportunity to establish any claim of citizenship." The court then sentenced Vasconcelos to the lowest possible sentence under the guidelines: 41 months of imprisonment.[1]

## II. <u>DISCUSSION</u>

A motion to withdraw a guilty plea should be granted when a defendant can make an affirmative showing of "any fair and just reason" for withdrawing the plea. Fed. R. Crim. P. 11(d)(2)(B).[2] In determining whether a defendant met this burden, the district court should evaluate the totality of the circumstances. <u>United States</u> v. <u>Torres-Rosa</u>, 209 F.3d 4, 8 (1st Cir. 2000).[3]

---

[1]Vasconcelos moved for a downward departure on the ground that he had a mistaken belief that he was a U.S. citizen. That motion was denied.

[2]At the time of Vasconcelos's guilty plea and sentencing, Rule 32 permitted a district court judge to grant a motion to withdraw a guilty plea filed prior to imposition of sentence for "any fair and just reason." Fed. R. Crim. P. 32(e). This provision has since been moved to Rule 11. Fed. R. Crim. P. 11(d)(2)(B).

[3]Four elements warrant particular attention: (1) the plausibility of the proffered reason for withdrawal of the plea; (2) the timing of the attempted withdrawal; (3) the presence of a claim of innocence; and (4) whether the circumstances indicate that the plea was not made knowingly and voluntarily within the meaning of Fed. R. Crim. P. 11. <u>Torres-Rosa</u>, 209 F.3d at 8-9. We need not delve into these factors in detail, as we hold <u>infra</u> that even if the district court erred, such error does not warrant reversal.

We first consider the question of the appropriate standard of review. Fed. R. Crim. P. 11(h) sets forth a harmless error standard. Where a defendant fails to present a Rule 11 challenge to the district court, however, appellate review is for plain error only. United States v. Vonn, 535 U.S. 55, 66 (2002).

It is unclear from the Rule 11 colloquy whether the district court recognized that Vasconcelos might have misunderstood the effect of his guilty plea on his right to a jury trial. Certainly Vasconcelos did not expressly contend below that the district court's Rule 11 colloquy was inadequate or that his plea was involuntary. His motion to withdraw his guilty plea in the district court was based on the newly discovered evidence concerning his citizenship; not until this appeal did Vasconcelos argue that his plea was not knowing and voluntary and thus prohibited by Rule 11. We need not decide whether Vasconcelos adequately preserved the Rule 11 issue, because, under either a harmless error or plain error standard of review, the result is the same. See United States v. Noriega-Millan, 110 F.3d 162, 166-68 & n.4 (holding any Rule 11 error harmless and declining to decide the appropriate standard of review).

Vasconcelos argues that he was not clearly informed that his plea created finality, or that he was conclusively waiving his right to a trial by jury. He points to his counsel's statement that he had promised to continue to investigate his case and to

bring any new theories about Vasconcelos's innocence before the court. Moreover, when the trial judge was explaining to Vasconcelos that he was waiving his right to a jury trial, his counsel stated that he had assured Vasconcelos that he would "follow up on" Vasconcelos's case and perhaps "reopen" it if additional facts came to light. The trial judge made no attempt to clarify or correct this statement; he simply replied "all right," and asked Vasconcelos, "so you understand all that?" The court then allowed Vasconcelos to continue the sentencing hearing so as to allow him to obtain his INS file.

We are troubled by the district court's apparent acquiescence to Vasconcelos's stated intent to continue pursuing his case. Assuming without deciding that the district court's actions constituted error, we hold that Vasconcelos cannot satisfy either the plain error standard required by <u>Vonn</u> or the less demanding harmless error standard. Vasconcelos's counsel's promises to "follow up on" or even "reopen" the case did not assert a right to a jury trial. Rather, it appears that Vasconcelos was seeking to present any new evidence related to his citizenship to a court. At the Rule 11 hearing, his counsel stated: "He has told me . . . that if new facts come up in the future that under some theory which is unknown to us at this point in time, <u>somehow it gets shown to a court that, in fact, he always was a citizen</u>, or something of that sort, that he has legal remedies available to him at that

-8-

point to try to reopen the case." (emphasis added). That statement indicates that Vasconcelos expected a court, not a jury, to consider the new information.

Vasconcelos received exactly that. At the hearing on his motion to withdraw his plea, Vasconcelos presented the evidence that he believed helped his case; the district court considered it and determined that it did not affect his conviction. Vasconcelos's attorney below effectively conceded, and the district court agreed, that the INS documents attached to his motion to withdraw his guilty plea did not establish his citizenship or any other valid defense to the charges against him. See United States v. Soto, 106 F.3d 1040, 1041 (1st Cir. 1997) (good faith belief in one's citizenship is not a defense to a § 1326 charge). We note further that Vasconcelos was deported in 1993 and again in 1994; he has had a decade to produce evidence of his citizenship, but has failed to do so.

In sum, Vasconcelos would have no viable immigration-related defense to the charges if his case were permitted to go to trial. Accordingly, we hold that the district court did not commit reversible error, and we will not disturb its denial of Vasconcelos's motion to withdraw his guilty plea.

**Affirmed**.