# United States Court of Appeals
## For the First Circuit

No. 14-1444

UNITED STATES OF AMERICA,

Appellee,

v.

MELVIN HERNÁNDEZ-MALDONADO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Torruella, Lynch, and Lipez,
Circuit Judges.

Charles Allan Hope and Cunha & Holcomb, P.C., on brief for
appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson
Pérez-Sosa, Assistant United States Attorney, Chief, Appellate
Division, and Tiffany V. Monrose, Assistant United States
Attorney, on brief for appellee.

July 17, 2015

**LYNCH**, **Circuit Judge**.  Melvin Hernández-Maldonado pled guilty in October 2013 to being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 115 months imprisonment.

He now seeks to vacate his plea because the district court did not warn him that he could not withdraw his plea if the court did not follow the parties' sentencing recommendations, as required by Federal Rule of Criminal Procedure 11(c)(3)(B), though the plea agreement did contain this warning.  Under the plea agreement, the government agreed to recommend 92 months imprisonment, and Hernández-Maldonado agreed to request 60 months. The plea agreement specified the sentencing guideline range was between 92 and 115 months, with a maximum penalty of 120 months. Hernández-Maldonado also challenges his 115 month sentence as unreasonable.

We affirm Hernández-Maldonado's conviction and sentence. Hernández-Maldonado has failed to demonstrate a reasonable probability that, but for the district court's failure to advise him that he could not withdraw his plea if it did not follow the government's recommendation, he would not have entered the plea. Furthermore, the sentence the district court imposed was procedurally and substantively reasonable.

We confine our discussion of the facts to those necessary to frame the issues on appeal. The relevant facts are not in dispute. On March 23, 2012, a woman told two Puerto Rico Police Department agents that a man was being robbed and pointed to him. The agents observed three individuals in a 2001 Ford Explorer SUV wearing masks. When the individuals in the SUV saw the agents, they left the scene, first in the SUV and then on foot. The agents pursued the individuals and saw the driver was carrying a firearm. One agent saw the driver toss the firearm and then remove his mask and shirt as he ran. The agent recovered the firearm -- a pistol with an attached "chip," which allowed the pistol to fire automatically. The driver was later identified as Hernández-Maldonado. The investigation revealed that the SUV was stolen and that Hernández-Maldonado had previously been convicted on two occasions of crimes punishable by more than one year imprisonment. One of these convictions was for murder. Hernández-Maldonado was on probation for that crime when he was arrested.

## II.

Hernández-Maldonado, through different counsel, seeks to vacate his guilty plea because the district court failed to meet the requirement of Federal Rule of Criminal Procedure 11(c)(3)(B) that, "[t]o the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the

defendant has no right to withdraw the plea if the court does not follow the recommendation or request." Because there was no objection, the district court's failure to give the required warning is reviewed for plain error. See United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004); United States v. Borrero-Acevedo, 533 F.3d 11, 15 (1st Cir. 2008) (citing United States v. Vonn, 535 U.S. 55, 58-59 (2002)). Hernández-Maldonado must prove "(1) an error, (2) that is clear or obvious, (3) which affects his substantial rights . . . and which (4) seriously impugns the fairness, integrity, or public reputation of the proceeding." United States v. Correa-Osorio, 784 F.3d 11, 18 (1st Cir. 2015).

Because it is clear that the defendant has established the first two prongs, this case turns on the third prong of the plain error test, effect on substantial rights. See Borrero-Acevedo, 533 F.3d at 17. To meet the third prong of the plain error test, "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." Dominguez Benitez, 542 U.S. at 83. Hernández-Maldonado has failed to make this showing.

We look to the full record. Id. at 80 (citing Vonn, 535 U.S. at 74-75). Relevant factors include, inter alia, the

- 4 -

defendant's statements at the colloquy, "the overall strength of the Government's case and any possible defenses that appear from the record," and the inclusion of the warning in the plea agreement.  See id. at 84-85.

Hernández-Maldonado signed a plea agreement, which itself contained the required warning.  He stated that he had time to consult with his attorney and was satisfied with the attorney's services.  Further, he acknowledged that under the plea agreement, he surrendered the right to appeal if the court sentenced pursuant to the recommendation -- suggesting Hernández-Maldonado understood he could appeal if the court did not sentence according the recommendation.

Whether or not Hernández-Maldonado subjectively believed he had a strong case, the question is whether he has met his burden of showing a reasonable probability that he would not have pled guilty if the missing warning had been administered.  See id. at 83.  Hernández-Maldonado has not come close to meeting that burden. He is no neophyte to the criminal justice system.  He voluntarily entered into a plea agreement and received the benefit of a 92-month sentence recommendation from the government, below the maximum penalty.  This "plea agreement . . . specifically warned that he could not withdraw his plea if the court refused to accept the Government's recommendations.  This fact, uncontested by

[Hernández-Maldonado], tends to show that the Rule 11 error made no difference to the outcome here." Id. at 85.

## III.

Hernández-Maldonado also argues that the district court's 115-month sentence, at the top of the guideline recommendation and five months below the 120 month maximum, was unreasonable. He contends that his "history and characteristics," including his completion of high school and steady employment despite a troubled childhood, dictated a lower sentence. Hernández-Maldonado acknowledges that he did not object to the sentence at sentencing and concedes that his sentence is reviewed for plain error. See United States v. Ruiz-Huertas, ___ F.3d ___, 2015 WL 4086319, at *2 (1st Cir. July 7, 2015). We recognize that other circuits have not required a defendant to object at sentencing to preserve a substantive reasonableness challenge. Id. at *4 (collecting cases). "This court, however, has held . . . that a failure to interpose an objection in the district court to the substantive reasonableness of a sentence begets plain error review." Id. (avoiding the question and assuming the abuse of discretion standard applies);[1] see also United States v. Murphy-

---

[1] We note that Hernández-Maldonado waived any challenge to the standard of review by acknowledging in his brief that plain error review applies. See Correa-Osorio, 784 F.3d at 21 (citing United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)). Even if we assume that the abuse of discretion standard applies, Hernández-Maldonado's challenge still fails. Cf. Ruiz-Huertas,

<u>Cordero</u>, 715 F.3d 398, 402 (1st Cir. 2013) ("We discern no error, plain or otherwise.").

We review sentences for procedural and substantive reasonableness. <u>Ruiz-Huertas</u>, 2015 WL 4086319, at *1. The district court's sentence was neither procedurally nor substantively unreasonable.

To the extent Hernández-Maldonado challenges the procedural reasonableness of his sentence, that claim fails. <u>Cf.</u> <u>United States</u> v. <u>Crespo-Ríos</u>, 787 F.3d 34, 37 n.3 (1st Cir. 2015) ("The lack of an adequate explanation can be characterized as either a procedural error or a challenge to the substantive reasonableness of the sentence."). Procedural reasonableness includes "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." <u>United States</u> v. <u>Martin</u>, 520 F.3d 87, 92 (1st Cir. 2008) (quoting <u>Gall</u> v. <u>United States</u>, 552 U.S. 38, 51 (2007)) (internal quotation marks omitted). The district court did not improperly calculate the guidelines range, fail to

_____

2015 WL 4086319, at *4.

consider the § 3553(a) factors, or commit any other procedural error.

Hernández-Maldonado's sentence was also substantively reasonable. "[T]here is almost always a range of reasonable sentences for any given offense. . . . [T]he linchpin of a reasonable sentence is a plausible sentencing rationale and a defensible result." United States v. Santiago-Rivera, 744 F.3d 229, 234 (1st Cir. 2014) (internal citations and quotation marks omitted). Furthermore, reversals in substantive reasonableness challenges are "particularly unlikely when . . . the sentence imposed fits within the compass of a properly calculated [guidelines sentencing range]." Ruiz-Huertas, 2015 WL 4086319, at *4 (alterations in original) (quoting United States v. Vega-Salgado, 769 F.3d 100, 105 (1st Cir. 2014)) (internal quotation marks omitted).

Hernández-Maldonado has prior convictions, including one for murder. When he was on probation,[2] he was in a stolen vehicle, in a mask, in possession of a machine gun. In an attempt to evade the Puerto Rico Police Department, he ran across a highway, creating danger not only to the police but those on the road. The district court explicitly stated that it reviewed the guideline calculations and considered Hernández-Maldonado's education level,

_____

[2] The government apparently misspoke at sentencing when it said that Hernández-Maldonado was on parole.

lack of substance abuse, and the absence of a history of mental or emotional health problems. "While a sentencing court must consider all of the applicable [18 U.S.C. §] 3553(a) factors, it is not required to address those factors, one by one, in some sort of rote incantation when explicating its sentencing decision." United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006); see also Ruiz-Huertas, 2015 WL 4086319, at *2. We find the district court committed no error and its sentence was reasonable.

IV.

For the reasons set forth above, we affirm Hernández-Maldonado's conviction and sentence.