**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-1992

UNITED STATES OF AMERICA,

Appellee,

v.

EUGENIO PEREZ-PEREZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Lynch, Thompson, and Kayatta,
Circuit Judges.

Elizabeth Caddick, on brief for appellant.
Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, Carmen M. Márquez-Marín, Assistant United States Attorney, and Rosa Emilia Rodríguez-Vélez, United States Attorney, on brief for appellee.

September 16, 2015

**Per curiam**.    Eugenio   Perez-Perez   pled   guilty   in September 2013 to being a felon in possession of a firearm, in violation  of  18  U.S.C.  §§  922(g)(1)  and  924(a)(2),  and  was sentenced, by upward variance, to 60 months imprisonment.  He now challenges his sentence.  Because the sentence the district court imposed was procedurally and substantively reasonable, we affirm.

I.

On June 12, 2013, agents of the Puerto Rico Police Department responded to a 911 call from a woman who said she had been threatened with a firearm.  The victim said she was at home when Perez-Perez began calling to her from the street, asking her to come out of the house so they could talk.  When she refused, he pointed a firearm at her.  The victim pointed out Perez-Perez's vehicle to the agents when they arrived.  The agents pursued and detained Perez-Perez, and brought him to the police precinct. During the car inventory, the agents discovered a revolver inside a fanny pack under the driver's seat of the car.  Perez-Perez was then placed under arrest.  The investigation later revealed that Perez-Perez was on supervised release, having previously been convicted under federal law of conspiracy to distribute narcotics and carrying a weapon in relation to a drug trafficking crime. Perez-Perez had been placed in low-intensity supervision in April 2013.

On September 16, 2013, Perez-Perez pled guilty to one count of being a felon in possession of a firearm. The plea agreement provided for a recommended sentence in the middle of the applicable guideline range. At sentencing, the parties agreed to 33 months, based on a guideline range of 30 to 37 months. The district court rejected the recommendation and sentenced Perez-Perez to 60 months.[1]

## II.

Perez-Perez argues that his 60-month sentence is procedurally and substantively unreasonable. Generally, we review the reasonableness of a criminal sentence for abuse of discretion. United States v. Millán-Isaac, 749 F.3d 57, 66 (1st Cir. 2014). But when the defendant raises no procedural objection at sentencing, our review is for plain error. Id. When assessing the reasonableness of a sentence, we consider whether the sentence was both procedurally and substantively reasonable. United States v. Hernández-Maldonado, 793 F.3d 223, 227 (1st Cir. 2015). His sentence meets both requirements.

A sentence is procedurally reasonable if "the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range,

---

[1] The parties correctly argue that the waiver of appeal provision in the plea agreement does not, accordingly, apply. See United States v. Ocasio-Cancel, 727 F.3d 85, 89 (1st Cir. 2013).

treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).

Perez-Perez contends that the district court committed a procedural error by considering his "socio-economic level," a status which, under the guidelines, is "not relevant in the determination of a sentence." See U.S.S.G. § 5H1.10. As Perez-Perez concedes, because he failed to raise this objection at sentencing, we review for plain error.

Here, the district court did not reference his socio-economic status, but rather his educational and employment background. Perez-Perez misguidedly asserts that "socio-economic level . . . includes his education and training." But the guidelines themselves treat employment records and education as distinct from socio-economic status. Compare U.S.S.G. §§ 5H1.2, and 5H1.5, with U.S.S.G. § 5H1.10. The court made these references during a narrative of Perez-Perez's personal history, required to be considered under 18 U.S.C. § 3553(a)(1). He can show no prejudice.

Perez-Perez also challenges the substantive reasonableness of his sentence. "We generally respect the district court's sentence as long as the court has provided a plausible

explanation, and the overall result is defensible." United States v. Innarelli, 524 F.3d 286, 292 (1st Cir. 2008). "When the sentence is outside the [guidelines sentencing range], the appellate court is obliged to consider the extent of the variance, but even in that posture it 'must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" Martin, 520 F.3d at 92 (quoting Gall, 552 U.S. at 51).

Here, the guidelines range was 30 to 37 months. The district court instead imposed a sentence of 60 months. This was double the minimum guideline recommendation, but half of the maximum 10-year sentence permitted under 18 U.S.C. § 924(a)(2). The district court expressly considered the § 3553(a) factors, noting in particular Perez-Perez's prior conviction for conspiracy to distribute narcotics and carrying a weapon in relation to a drug trafficking crime, and the short period of time between his placement in low-intensity supervision and the commission of the instant offense. The district court stated it was departing from the guidelines in order to impose a sentence "reflective of the seriousness of the offense and to promote deterrence."

Nonetheless, Perez-Perez argues that the district court "gave no articulable reasons, specific to this case, for the upward

variance."[2]  He argues that since "the Guidelines already accounted for his criminal history and the fact that he committed this crime while on supervised release," the district court was required -- and failed -- to give articulable reasons for imposing the variant sentence.[3]

Generally, "[w]e 'allow a good deal of leeway' in reviewing the adequacy of a district court's explanation." United States v. Ofray-Campos, 534 F.3d 1, 38–39 (1st Cir. 2008) (quoting United States v. Gilman, 478 F.3d 440, 446 (1st Cir. 2007)).  "When a factor is already included in the calculation of the guidelines sentencing range, a judge who wishes to rely on that same factor to impose a sentence above or below the range must articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the guidelines calculation." United States v. Zapete-Garcia, 447 F.3d 57, 60 (1st Cir. 2006).  But while "a sentencing court's obligation to explain a variance requires the court to offer a plausible and coherent rationale . . . it does not require the court to be

---

[2]   We note that "[t]he lack of an adequate explanation can be characterized as either a procedural error or a challenge to the substantive reasonableness of the sentence." United States v. Crespo-Ríos, 787 F.3d 34, 37 n.3 (1st Cir. 2015).

[3]   Because Perez-Perez's claim fails under either abuse of discretion or plain error review, we treat his request for reconsideration during sentencing as an objection.

precise to the point of pedantry."  United States v. Del Valle-Rodríguez, 761 F.3d 171, 177 (1st Cir. 2014).

The district court here explained:

> I am aware what the guidelines provide and what the guidelines have considered.  I think that the guidelines do not provide the accurate punishment and do not provide for accurate assessment of this type of offenses [sic] when they happened under this type of circumstance and under the scenario that I have.

The court adequately described what it found to be the unique circumstances of this case, stating that it was considering whether Perez-Perez had "any adjustments, rehabilitation, learning process and how that is shown."  The district court stressed the fact that Perez-Perez not only committed the instant offense while on supervised release, but that he committed it within a few months of being placed in low-intensity supervision:

> I can tell you one thing, your client has the intelligence, he has no addiction problem, nothing that will basically compel him to engage in continued illegal pattern [sic] of conduct as he has done in blatant disregard of the opportunities that were given to him under supervised release. . . . We're talking here this defendant as soon as he was placed on low supervision by the probation office engaged in new conduct.

The district court expressed that the timing of Perez-Perez's offense demonstrated "disregard for the law and judicial system" and a serious failure to learn from his prior mistakes:

> [N]o true rehabilitation has been achieved and
> actually the defendant has not understood what
> the need to avoid recidivism is.  And actually
> it is quite troubling that this individual,
> cognisant [sic] of the [sic] what the law is
> and having experienced what the loss of
> freedom is and having the guidance of the
> Probation Officer, is once again back here in
> court.

This explanation was more than adequate.  Perez-Perez posed a particular danger of recidivism, thereby justifying an upward variant sentence.

## III.

For the reasons set forth above, we <u>affirm</u> the sentence.