# United States Court of Appeals
## For the First Circuit

No. 13-2275

UNITED STATES OF AMERICA,

Appellee,

v.

JOEL MANUEL RIVERA-CLEMENTE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José A. Fusté, U.S. District Judge]

Before

Barron and Stahl, Circuit Judges,
and Sorokin,[*] District Judge.

Joseph M. Bethony, with whom Gross, Minsky, Mogul, P.A. was
on brief, for appellant.
Francisco A. Besosa-Martínez, Assistant United States
Attorney, with whom Rosa Emilia Rodríguez-Vélez, United States
Attorney, and Nelson Pérez-Sosa, Assistant United States Attorney,
were on brief, for appellee.

February 10, 2016

---

[*] Of the District of Massachusetts, sitting by designation.

**SOROKIN**, **District Judge**.  The defendant Joel Manuel Rivera-Clemente pleaded guilty to two offenses in connection with the killing of a security guard at the Sabana Seca Navy Base in Puerto Rico.  The district court sentenced him to 322 months in prison.  On appeal, the defendant argues error in the district court's failure to apprise him of the consequences of his guilty plea, as required by Federal Rule of Criminal Procedure 11(c)(3)(B), and in the district court's alleged failure to comply with the requirements of 18 U.S.C. § 3553 during the imposition of his sentence.  Finding no error warranting reversal, we affirm.

**I.  Background.**  We recite the basic facts of the case, which are not in dispute, and reserve some facts for later discussion.  Because the defendant pleaded guilty, we draw from the stipulated version of the facts accompanying the plea agreement, United States v. Jones, 551 F.3d 19, 21 (1st Cir. 2008), as well as from "the plea colloquy, the unchallenged portions of the pre-sentence investigation report (PSR), and the sentencing hearing transcript." United States v. Ortiz-García, 665 F.3d 279, 281 (1st Cir. 2011).  On October 19, 2011, the defendant and a minor, denoted E.R.P., entered the Sabana Seca base to steal copper.[1]  Immediately thereafter, Frankie Rondon-Rosario, a base

---

[1] The parties stipulated that the Sabana Seca Navy Base is within the special maritime and territorial jurisdiction of the United States.

security guard, escorted the defendant and E.R.P. from the base. In the course of this interaction, Rondon-Rosario displayed a weapon.

Later that night, the defendant and E.R.P. returned to the base intending to steal what they believed to be Rondon-Rosario's gun. With them were Josean Clemente and another minor, denoted K.T.S., both of whom carried a firearm. Once Rondon-Rosario was identified as the guard who had escorted the defendant from the base earlier that night, Josean Clemente and K.T.S. approached Rondon-Rosario, told him they intended to rob him, and then shot Rondon-Rosario dead. The two shooters then searched the victim and found only a fake firearm.

As is relevant to this appeal, Count One of the superseding indictment charged the defendant with aiding and abetting murder, in violation of 18 U.S.C. §§ 1111, 7(3) & 2, and Count Two charged him with aiding and abetting in the carrying and use of a firearm during and in relation to a crime of violence causing death, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(j)(1) & 2. Prior to trial, the defendant pleaded guilty to these offenses in a plea agreement entered into under Fed. R. Crim. P. 11(c)(1)(A) & (B).[2] In the plea agreement, the parties calculated

---

[2] Pursuant to the plea agreement, the government agreed to dismiss Count Three of the superseding indictment, which charged the defendant with interfering with commerce by robbery in violation of 18 U.S.C. § 1951(a).

- 3 -

the guideline sentencing range (GSR) for both counts as 270-322 months in prison. The government and the defendant then recommended in the plea agreement a sentence of 276 months in prison. The district court accepted the defendant's guilty plea at the change-of-plea hearing and ordered preparation of a PSR.

At sentencing, the government and the defendant requested the 276-month sentence in accordance with the recommendation in the plea agreement. The district court concurred with the parties' GSR calculations but, contrary to the recommendation of the parties, imposed a high-end guideline sentence of 322 months. The 322-month sentence is forty-six months longer than the term of imprisonment recommended by the parties in the plea agreement.[3]

**II. Discussion.** This appeal followed, in which the defendant challenges both the district court's failure to warn him of the consequences of his guilty plea, and its imposition of his sentence. We consider these contentions in turn.

**A. Plea Hearing.** The defendant contends that the district court violated Fed. R. Crim. P. 11(c)(3)(B) by failing to

---

[3] Because the district court did not adopt the recommendation of the parties, the defendant is not precluded from bringing this appeal by the plea agreement's appeal-waiver provision. Neither party disputes this point. The district court appeared to believe that any within-guidelines sentence would preclude appeal under the waiver provision. We have previously rejected just such a reading of an identical waiver provision. See United States v. Ocasio-Cancel, 727 F.3d 85, 88-89 (1st Cir. 2013).

inform him, at the change-of-plea hearing, that he could not withdraw his guilty plea in the event that the court did not follow the sentencing recommendation in the plea agreement. Because the defendant entered into a plea agreement with the government under Fed. R. Crim. P. 11(c)(1)(B), in which the government recommended a particular sentence, Rule 11 required the court to inform the defendant that he had "no right to withdraw the plea if the court [did] not follow the recommendation . . . ." Fed. R. Crim. P. 11(c)(3)(B). The court did not give this warning at the change-of-plea hearing.

However, at no point prior to the appeal did the defendant seek to withdraw his plea or object to the district court's failure to provide the required warning, so we review only for plain error. Ortiz-García, 665 F.3d at 285. "Plain error review is not appellant-friendly." United States v. Cortés-Medina, No. 14-1101, 2016 WL 67358, at *2 (1st Cir. Jan. 6, 2016). It requires the defendant to "show that: (1) an error occurred; (2) the error was plain; (3) the error affected the defendant's substantial rights; and (4) the error 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" Ortiz-García, 665 F.3d at 285 (quoting United States v. Rivera-Maldonado, 560 F.3d 16, 19 (1st Cir. 2009)).

The district court's failure to give the warning required by Fed. R. Crim. P. 11(c)(3)(B) is an error that is plain

on the record.  See United States v. Hernández-Maldonado, 793 F.3d 223, 226 (1st Cir. 2015).  Moreover, it relates to a "core concern" of Rule 11, namely the defendant's "knowledge of the consequences of the guilty plea."  See United States v. Noriega-Millán, 110 F.3d 162, 166-67 (1st Cir. 1997).

Whether the error affected the defendant's substantial rights is another matter.  "To meet [this] third prong of the plain error test, 'a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea.'" Hernández-Maldonado, 793 F.3d at 226 (quoting United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004)).  This the defendant has failed to do.

To reach this conclusion, we consider a number of factors, including whether "the court made statements at the change-of-plea hearing that put the defendant on plain notice that it was not bound by the plea agreement." United States v. Saxena, 229 F.3d 1, 8 (1st Cir. 2000); accord Noriega-Millán, 110 F.3d at 168.[4]  We also consider "the defendant's statements at the

_____

[4] Saxena and Noriega-Millán each considered an earlier version of Fed. R. Crim. P. 11, in which Rule 11(e)(2) required a court to inform a defendant who entered a non-binding plea agreement that the defendant could not withdraw his or her plea if the court did not follow the plea-bargained sentencing recommendation.  See Saxena, 229 F.3d at 8; Noriega-Millán, 110 F.3d at 165.  Although

- 6 -

colloquy, 'the overall strength of the Government's case and any possible defenses that appear from the record,' and the inclusion of the warning in the plea agreement." Hernández-Maldonado, 793 F.3d at 226 (quoting Dominguez Benitez, 542 U.S. at 84-85).

Here, despite failing to offer the defendant the Rule 11(c)(3)(B) warning at the plea hearing, the district court advised the defendant that each count carried a maximum punishment of life imprisonment (with the sentence on Count Two running consecutively as a matter of law), and confirmed the defendant understood. On the heels of this warning, the Court explained that it had "the discretion to sentence [the defendant] above the guidelines." Next the Court told the defendant that it was not bound by the sentencing recommendation in his plea agreement.[5] The defendant then confirmed that he understood. All of these warnings came after the court had unequivocally told the defendant that, as a result of his plea, "[t]here will be no trial."

---

this provision now appears as Rule 11(c)(3)(B), the requirement "has not changed in substance." Dominguez Benitez, 542 U.S. at 78 n.3.

[5] Specifically, the court said to the defendant (and to his co-defendant who also changed his plea at the hearing) that "[y]ou should know that any sentencing recommendation that may come before me is just a recommendation. I have an obligation to look at them, and if I can follow them, because I understand that they are appropriate for your cases, I will. If I understand for some reason that the recommendations are not appropriate for your case, of course I will not follow them."

Moreover, the defendant's plea agreement delineated that "the defendant may not withdraw [his] plea solely as a result of the sentence imposed and the Court is not bound by this plea agreement." See Saxena, 229 F.3d at 8-9 (where the defendant's plea agreement stated that he "may not withdraw his plea of guilty regardless of what sentence is imposed," and where "the court made statements at the change-of-plea hearing that put the defendant on plain notice that it was not bound by the plea agreement," there was no reversible error in the district court's failure to warn the defendant that he could not withdraw his non-binding plea if the court did not follow the plea agreement's sentencing recommendation).

The defendant argues that he did not read or understand the portions of his plea agreement concerning the non-binding nature of the sentencing recommendation or his inability to withdraw his plea. This argument fails. The defendant, who required an interpreter at the change-of-plea hearing, certified in the plea agreement that he read the agreement, that he "carefully reviewed every part of it" with his attorney, and that his lawyer translated the plea agreement into Spanish which left the defendant with "no doubts as to the contents of the agreement." The defendant's attorney confirmed these statements in his separate certification in the plea agreement in which he certified both that he "translated the plea agreement" and that he "explained

- 8 -

it in the Spanish language" to the defendant. Moreover, the defendant stated at the plea colloquy that he discussed his guilty plea with his attorney and was satisfied with his lawyer's services. See Dominguez Benitez, 542 U.S. at 85 (where the defendant's plea agreement was translated into his native language and it "specifically warned that he could not withdraw his plea if the court refused to accept the Government's recommendations," the court concluded that these facts tend "to show that the Rule 11[(c)(3)(B)] error made no difference to the outcome . . . ."); Hernández-Maldonado, 793 F.3d at 226 (finding no plain error in the court's failure to give the Rule 11(c)(3)(B) warning where the warning appeared in the plea agreement and the defendant "stated that he had time to consult with his attorney and was satisfied with the attorney's services"). And, at sentencing, defense counsel represented that the PSR also was translated for the defendant. Nothing affirmative in the record suggests that these translations did not occur (as the defendant now contends in his brief without record citation) or that the defendant failed to appreciate the terms of his plea.

To be sure, "this court has repeatedly stated that the defendant's acknowledgement of a signed plea agreement or other written document will not substitute for Rule 11's requirement of personal examination by the district court." Noriega-Millán, 110 F.3d at 164. Here, however, there is more than just the plea

agreement. To summarize, the "court's admonitions, the [defendant's] statements, and the contents of the plea agreement combined to put the [defendant] on ample notice of the consequences of his plea." Saxena, 229 F.3d at 9. This is to say that "had the court told the [defendant] explicitly that he would not be allowed to retract his plea if the court rejected the recommended sentence, the sum total of the [defendant's] knowledge would not have been increased and his willingness to plead would, in all probability, have been unaffected." Id. Consequently, the district court's violation of Rule 11(c)(3)(B) does not rise to the level of plain error.[6]

**B. Sentencing.** Turning to the defendant's challenges to his sentence, we bifurcate our review and first decide whether the sentence is procedurally reasonable and then consider whether it is substantively reasonable. See United States v. Clogston, 662 F.3d 588, 590 (1st Cir. 2011).

Before addressing the defendant's arguments, however, we review the relevant facts. At sentencing, the district court heard

---

[6] The defendant also argues error in the court's failure to put his interpreter under oath during the change-of-plea and sentencing hearings. It is true that the court failed to swear the interpreter at each hearing, but the defendant did not object below and we therefore conclude that these omissions do not rise to the level of plain error because there is nothing in the record to suggest that the defendant did not understand the proceedings or that his substantial rights were affected otherwise.

- 10 -

from defense counsel who urged the court to follow the sentencing recommendation in the plea agreement, particularly in light of the defendant's youth, his lack of a criminal record, and the fact that he did not intend for the victim to be killed. The prosecutor likewise recommended the sentence in the plea agreement. The court also heard briefly from the defendant, and then -- at length -- from the mother of the victim. The court spoke with the victim's mother about the victim's qualities and her grief. She told the court that she viewed the parties' sentencing recommendation as too lenient, and the court then discussed with her the difficulties inherent in arriving at a just sentence. When the court finished speaking with the victim's mother, he calculated the GSR, expressly surmised from the record that the defendant had engaged in previous undetected criminal conduct,[7] and immediately thereafter imposed the defendant's sentence of 322 months in prison. With the arc of the sentencing hearing in mind, we turn to the issues presented.

1. **Procedural Reasonableness**. First, the defendant argues that the district court failed to consider at sentencing the factors set forth in 18 U.S.C. § 3553(a). Specifically, the defendant contends that the court violated § 3553(a) by overlooking the defendant's history and characteristics, his supposedly

_____

[7] Both defense counsel's oral confirmation at the sentencing hearing and the unchallenged facts set forth in the PSR amply support the district court's conclusion.

limited involvement in the underlying crime, and whether the sentence imposed was greater than necessary to achieve the goals of sentencing.  We are not persuaded.

The defendant concedes that plain error review is appropriate here because he did not object at sentencing.  "A violation of § 3553's mandates will warrant reversal under plain error review only if the defendant demonstrates 'a reasonable probability that, but for the error, the district court would have imposed a different, more favorable sentence.'"  United States v. Rodríguez, 731 F.3d 20, 25 (1st Cir. 2013) (quoting United States v. Mangual-Garcia, 505 F.3d 1, 15 (1st Cir. 2007)).  The defendant's uphill battle is only intensified by the fact that he was sentenced to 262 months' imprisonment for the murder conviction, a sentence at the high end of – but within – the guideline sentencing range.[8]  "As the Supreme Court has explained, the guideline range itself bears a direct relation to the compendium of considerations listed in section 3553(a) and, thus,

---

[8] As for the count against the defendant for aiding and abetting in the carrying and use of a firearm during and in relation to a crime of violence causing death, the PSR noted, validly, that this count is "precluded from Guideline computations as it mandates a fixed consecutive term of at least five (5) years imprisonment."  See United States v. Vargas- García, 794 F.3d 162, 166 (1st Cir. 2015).  In any event, the court imposed the lowest legally authorized sentence on this count, the sixty month mandatory minimum required by statute, which was below the parties' sixty-six month recommendation.

a within-the-range sentence 'likely reflects the section 3553(a) factors.'" Cortés-Medina, 2016 WL 67358 at *4 n.4 (quoting Rita v. United States, 551 U.S. 338, 355 (2007)).

Although the court here did not state explicitly the factors set forth in § 3553(a), we "have never required that sentencing courts undertake 'an express weighing of mitigating and aggravating factors.'" United States v. Ocasio-Cancel, 727 F.3d 85, 91 (1st Cir. 2013) (quoting United States v. Lozada-Aponte, 689 F.3d 791, 793 (1st Cir. 2012)). "Instead, we have taken a pragmatic approach and recognized that 'a court's reasoning can often be inferred by comparing what was argued by the parties or contained in the pre-sentence report with what the judge did.'" Id. (quoting United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc)). The record establishes the district court considered the § 3553(a) factors.

With regard to the defendant's history and characteristics, the district court heard argument on, or expressly considered, the defendant's youth and lack of criminal history or trouble with substance abuse. The court indicated an understanding that the defendant had no criminal record or history of drug abuse, and heard from defense counsel that the defendant was only eighteen at the time of the offense. Based on the gravity of the murder for which the defendant was convicted, however, the court expressed skepticism that this incident was, in fact, the

defendant's first foray into criminal activity, and defense counsel agreed that the court's perspective was valid.

The defendant is correct, however, that the district court did not discuss his upbringing, but such an omission is not fatal where, as here, the defendant did not raise this particular issue at sentencing. See Gall v. United States, 552 U.S. 38, 54 (2007) ("[I]t was not incumbent on the District Judge to raise every conceivably relevant issue on his own initiative"). Although defense counsel did mention briefly that the defendant did not complete high school, and the court did not discuss it further, the court was "not required to address frontally every argument advanced by the parties, nor need it dissect every factor made relevant by 18 U.S.C. § 3553 'one by one, in some sort of rote incantation, when explicating its sentencing decision.'" See United States v. Turbides-Leonardo, 468 F.3d 34, 40-41 (1st Cir. 2006) (quoting United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006)).

Furthermore, the district court's reasoning from the bench at sentencing indicates its consideration of certain factors relevant to whether the sentence was no greater than necessary to effectuate the goals of sentencing. See 18 U.S.C. § 3553(a)(2). The court took into account the rights of the victim, which speaks to the need for just punishment. The court also highlighted the seriousness of the offense in at least two instances: it noted

that the "death of a human being is a very serious matter," and it pointed out, plausibly, that even though the defendant was being sentenced for second-degree murder, the facts of the case supported the more severe charge of murder in the first degree.[9] The court's colloquy at sentencing demonstrates a consideration and weighing of these factors against and in light of the defendant's youth and lack of a criminal record, as well as in the context of the difficulty of fashioning sentences.

Finally, the defendant's argument that the district court misjudged his involvement in the offense is without merit. The defendant contends that he was less culpable than his compatriots because he sought only to rob the victim and did not fire the fatal shots. The district court disagreed. It cogently explained its view that on the facts of this case, which the record establishes it knew intimately, the defendant bore equal

---

[9] The defendant is correct that the district court did not expressly consider factors relating to deterrence of other criminal conduct, protecting the public from the defendant, or the treatment needed by the defendant, see 18 U.S.C. § 3553(a)(2), but this does not rise to the level of reversible error. See Cortés-Medina, 2016 WL 67358, at *4 ("This court has not required sentencing courts to walk, line by line, through the section 3553(a) factors."); United States v. Ramos, 763 F.3d 45, 57 (1st Cir. 2014) ("A sentencing court is required to consider relevant § 3553(a) factors, but need not address each one."). In any event, the court's discussion of the seriousness of the offense, the effect on the victim's family, and the existence of other uncharged responsible persons makes manifest the court's consideration of these factors.

responsibility.[10]  In all, we discern no plain error in the court's consideration of the § 3553(a) factors.  See United States v. Lucena-Rivera, 750 F.3d 43, 54 (1st Cir. 2014) (noting that a court's failure to consider expressly the § 3553(a) factors does not constitute plain error where the record indicates that the court in fact considered relevant § 3553(a) factors at sentencing); United States v. Ramos, 763 F.3d 45, 57-58 (1st Cir. 2014); Ocasio-Cancel, 727 F.3d at 90-91.

The district court's sufficient consideration of the § 3553(a) factors leads also to our rejection of the defendant's second procedural challenge to his sentence – that the court failed to explain the sentence under 18 U.S.C. § 3553(c).  Section 3553(c) provides that "the court 'at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence' and, if the GSR spans more than 24 months, shall also state 'the reason for imposing a sentence at a particular point within the range.'"  Cortés-Medina, 2016 WL 67358, at *4 (quoting 18 U.S.C. § 3553(c) & (c)(1)).  "The court's explanation is adequate for purposes of § 3553(c)(1) if it 'specifically identif[ies] some discrete aspect of the defendant's behavior and

---

[10] The court reasoned that "when you go into a property at night to do something like this, and you are armed, or the – or your colleagues are armed, don't you think that it's reasonable to assume that something can go really wrong and that a death can result, a murder can result?"

link[s] that aspect to the goals of sentencing.'" United States v. Rivera-Gonzalez, 626 F.3d 639, 646-47 (1st Cir. 2010) (alteration in original) (quoting United States v. Vazquez-Molina, 389 F.3d 54, 58 (1st Cir. 2004), vacated on other grounds, 544 U.S. 946 (2005)). Accordingly, "the sentencing court need only identify the main factors behind its decision," and "need not 'be precise to the point of pedantry.'" United States v. Vargas-García, 794 F.3d 162, 166 (1st Cir. 2015) (quoting Turbides-Leonardo, 468 F.3d at 40). Because the defendant did not object below, we adhere to the familiar plain error standard.

Given that the court took into account relevant § 3553(a) factors – such as the defendant's history and characteristics, the seriousness of the offense, and the need for just punishment – in explaining and arriving at the sentence, we find no plain error here. See Rivera-Gonzalez, 626 F.3d at 647 (concluding that the court did not plainly err in explaining its sentence where the court considered the substance underlying relevant § 3553(a) factors in justifying the sentence). The transcript makes clear that the court weighed the relevant sentencing factors differently than the parties, giving greater weight to the seriousness of the offense, and discounting the significance of the defendant's status as a first time offender and very young man in light of his history of prior uncharged misconduct and the nature of the offense. As a result, the court imposed a high-end, rather than

low-end, guideline sentence tempered, slightly, by imposing a consecutive sentence of sixty rather sixty-six months on Count Two. In all, we conclude that the defendant's sentence is procedurally sound.[11]

**2. Substantive Reasonableness**. Finally, the defendant contends that his sentence is substantively unreasonable. We disagree.

"Challenging a sentence as substantively unreasonable is a burdensome task in any case, and one that is even more burdensome where, as here, the challenged sentence is within a properly calculated GSR." Clogston, 662 F.3d at 592-93. Although the "linchpin of a [substantively] reasonable sentence is a plausible sentencing rationale and a defensible result[,]" United States v. Pol-Flores, 644 F.3d 1, 4-5 (1st Cir. 2011) (quoting United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008)), a "defendant who protests his within-the-range sentence" as substantively unreasonable "'must adduce fairly powerful

---

[11] In any event, even if we were to conclude that the district court failed to explain why a sentence at a particular point within the GSR was appropriate, as required by § 18 U.S.C. § 3553(c)(1), such an error would not warrant reversal here because it did not affect the defendant's substantial rights. See United States v. Gilman, 478 F.3d 440, 447-48 (1st Cir. 2007) (noting that a violation of § 3553(c)(1) did not affect the defendant's substantive rights where the court's reasoning "tie[d] the defendant's specific conduct to Section 3553(a) considerations and to specific relevant goals of sentencing," and thus the defendant had failed to show "that the court would be persuaded to alter its course on a resentencing").

mitigating reasons and persuade us that the district court was unreasonable in balancing pros and cons despite the latitude implicit in saying that a sentence must be reasonable.'" Clogston, 662 F.3d at 593 (quoting United States v. Madera-Ortiz, 637 F.3d 26, 30 (1st Cir. 2011)).  Although the defendant did not object below on the ground of substantive unreasonableness, it is unclear whether we are to review for abuse of discretion or plain error. See United States v. Ruiz-Huertas, 792 F.3d 223, 228 (1st Cir. 2015).  We need not resolve this issue here, however, because even under the abuse of discretion standard -- which is more favorable to the defendant -- his claim fails.

This is so because the defendant puts forth no "powerful mitigating reasons" to support a finding of substantive unreasonableness here.  He stands convicted of murder, a most serious offense.  The district court heard from the victim's mother how the murder devastated her family and, in doing so, considered the need for punishment; it also considered the defendant's significant role in this grave offense and his previous criminal activity.  In the end, it arrived at a sentence that we cannot conclude is erroneous.  See United States v. Colón-Rodríguez, 696 F.3d 102, 108 (1st Cir. 2012) (determining that the defendant's sentence was not substantively unreasonable where the court based it on consideration of the § 3553(a) factors, and "articulate[d] a plausible rationale and arrive[d] at a sensible result"

(alteration in original) (quoting <u>United States</u> v. <u>Carrasco-De-Jesús</u>, 589 F.3d 22, 30 (1st Cir. 2009))).

Despite the defendant's protestations on appeal, the district court did in fact account for the defendant's purported limited involvement in the offense, his youth, and his lack of a criminal record or history of substance abuse, but found these considerations carried less weight than the defendant thought they should.  Likewise, the district court gave more weight to the seriousness of the offense.[12]  The sentencing court has "the latitude to 'emphasize the nature of the crime over the mitigating factors,' and such a 'choice of emphasis . . . is not a basis for a founded claim of sentencing error.'"  <u>Ramos</u>, 763 F.3d at 58 (quoting <u>United States</u> v. <u>Zapata</u>, 589 F.3d 475, 488 (1st Cir. 2009)).[13]

---

[12] The defendant fares no better in arguing that his sentence is unreasonable because it is identical to that imposed upon Josean Clemente, the shooter in this case who, in the eyes of the defendant, played a larger role in the murder.  In support, the defendant relies on <u>United States</u> v. <u>Cirilo-Muñoz</u>, 504 F.3d 106, 125-26 (1st Cir. 2007), in which Judge Torruella denounced sentencing an aider and abettor defendant to the same or greater sentence than that imposed on the principal.  Judge Torruella's separate opinion in <u>Cirilo-Muñoz</u> is not controlling.  <u>See</u> <u>Cirilo-Muñoz</u>, 504 F.3d at 107.  And, in any event, <u>Cirilo-Muñoz</u> is of no help to the defendant because in that case the aider and abettor's sentence was particularly egregious in light of the district court's description of him as a "minor" participant in the offense.  <u>Id.</u> at 125.  That type of disparity in culpability is not present on the facts of this case.

[13] The defendant contends also that the district court thwarted appellate review of his sentence by failing to disclose to defense counsel a Statement of Reasons form.  Because we affirm

**III. Conclusion**.  For the foregoing reasons, we **affirm** the sentence imposed by the district court.

---

the defendant's sentence on the basis of the sentencing transcript, the defendant's contention is unavailing.  To the extent the defendant argues that the court committed reversible error simply by failing to disclose to him the Statement of Reasons form, such an argument fails for the same reason:  because the court adequately explained the defendant's sentence, he cannot show prejudice resulting from the form's absence. See United States v. Vázquez-Martínez, No. 14-1648, 2016 WL 324971, at *5 (1st Cir. Jan. 27, 2016).